```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

J&J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

       -against-                            06 Civ. 1412 (KMW)(AJP)
                                                     ORDER
JOHN DOE, et al.,

                Defendants.
------------------------------------------X
```

WOOD, U.S.D.J.:

Plaintiff filed this action on February 14, 2006, alleging that Defendants violated the Federal Communications Act of 1934 by broadcasting the July 16, 2005 Hopkins/Taylor boxing match without Plaintiff's permission. On December 14, 2006, Plaintiff moved for default judgment against defendant Music House.[1] On February 8, 2007, the Court referred the case to Magistrate Judge Andrew J. Peck for an inquest into damages. By report and recommendation dated February 14, 2007 (the "Report"), Magistrate Judge Andrew J. Peck recommended that the Court award Plaintiff $20,000 in statutory damages and $1,325 in attorneys' fees and costs.

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), in conjunction with Federal Rule of Civil Procedure 6, they had ten days from service of the Report to file any objections. The

---

[1] Plaintiff dismissed the action against defendant John Doe on April 6, 2006.

Report also informed the parties of their opportunity to request an extension of time to file such objections. The Report explicitly cautioned that failure to file timely objections would preclude appellate review.

No objections have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit has "adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). The Supreme Court has also upheld this practice, "at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

The Court has reviewed the Report and finds it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court, therefore, accepts and adopts the Report. The Court grants Plaintiff's motion for default judgment and awards Plaintiff $20,000 in statutory damages and $1,325 in attorneys' fees and costs.

The Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated:  New York, New York
        April 4, 2007

                                    /s/ Kimba M. Wood
                                    Kimba M. Wood
                                    United States District Judge